**O**

# United States District Court
# Central District of California

| | |
|---|---|
| BISHARA KAKISH,<br><br>        Plaintiff,<br><br>    v.<br><br>MR. COOPER and DOES 1 through 10,<br><br>        Defendants. | Case № 5:19-CV-01273-ODW (SHKx)<br><br>**ORDER GRANTING MOTION FOR MORE DEFINITE STATEMENT [11]** |

      Plaintiff Bishara Kakish, pro se, initiated this action against Defendant Mr. Cooper (Nationstar Mortgage LLC d/b/a Mr. Cooper, or "Nationstar") in the Superior Court of the State of California, County of San Bernardino. (Notice of Removal Ex. 1 ("Compl."), ECF No. 1-1.) On page four of the Complaint, on a form labeled "General Negligence," Kakish appears to allege that Nationstar failed to issue a conditional lien release on Kakish's mobile home property, which prevented Kakish from selling his property and caused him harm. (Compl. 4.) Nationstar timely removed the action to this Court. (Notice of Removal, ECF No. 1.) Nationstar now moves for a more definite statement on the basis that Kakish's Complaint fails to satisfy the Federal Rules of Civil Procedure, and "does not provide Nationstar or this Court with sufficient information regarding the factual basis for Plaintiff's claim."

(Mot. for More Definite Statement ("Mot."), ECF No. 11.) For the reason that follow, the Court **GRANTS** Nationstar's Motion.[1]

Federal Rule of Civil Procedure 12(e) provides, where a pleading is "so vague and ambiguous that [a] party cannot reasonably prepare a response," the party "may move for a more definite statement" of the pleading. Fed. R. Civ. P. 12(e). "However, a motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." *Hubbs v. Cty. of San Bernardino, CA*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (citing *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)); Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plan statement of the claim showing that the pleader is entitled to relief."). Thus, "[a] Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted in order to frame a response." *Medrano v. Kern Cty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013). This motion must be made before a response is filed, and it must explain the defects of the complaint. Fed. R. Civ. P. 12(e). If the pleading party fails to provide this statement after being ordered to do so, "the court may strike the pleading or issue any other appropriate order." *Id.*

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Nationstar moves for a more definite statement, contending that the Complaint does not provide fair notice of the claims asserted against Nationstar. (Mot. 5.) Nationstar set the motion hearing on Monday August 26, 2019, at 1:30 p.m. (*See*

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing on Monday September 9, 2019, at 1:30 p.m. is hereby **VACATED**.

Mot.) The Court continued the hearing to Monday September 9, 2019, at 1:30 p.m. (Min. Order, ECF No. 14.) Accordingly, Kakish's opposition was due no later than August 19, 2019. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). However, to date, the Court has received no response from Kakish. The time for such an opposition has expired. Accordingly, the Court deems Kakish's failure to timely oppose or otherwise respond as consent to granting the motion.

The Court **GRANTS** Nationstar's Motion for More Definite Statement. (ECF No. 11). Kakish shall file an amended complaint **no later than twenty-one (21) days** from the date of this Order, which is **Tuesday, September 17, 2019**. Failure to timely amend will result in the Complaint being stricken and dismissal of the action. Nationstar shall immediately serve a copy of this Order on Kakish and file a proof of such service with the Court.

**IT IS SO ORDERED.**

August 27, 2019

_____
 **OTIS D. WRIGHT, II**
 **UNITED STATES DISTRICT JUDGE**